<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CALVIN T. STEVENS, | : |
| Plaintiff, | : Civ. No. 15-7261 (GC) (TGB) |
| v. | : |
| OFFICER STEWART A. WAY, et al., | : **OPINION** |
| Defendants. | : |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon pro se Plaintiff Calvin T. Stevens's motion for reconsideration ("Motion"). (ECF No. 9.) The Court carefully reviewed Plaintiff's submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Plaintiff's Motion is **DENIED**.

I.     <u>**FACTUAL AND PROCEDURAL BACKGROUND**</u>

On September 30, 2015, the Court received Plaintiff's complaint ("Complaint"), alleging violations of constitutional rights arising from his August 27, 2015 arrest for allegedly violating a temporary restraining order ("TRO") by Defendants City of New Brunswick Police Officers Steward A. Way and Alexand J. Uzunis ("Officer Defendants"). (ECF No. 1.) On October 13, 2015, the Court granted Plaintiff's motion to proceed in forma pauperis ("IFP Order"). (ECF No. 2.) In an order dated May 24, 2016 ("May 24, 2016 Order") (ECF No. 6), it dismissed the Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted. (ECF No. 6 at 1). The Court ordered that, to the extent he can

cure the deficiencies described in the accompanying opinion ("May 24, 2016 Opinion") (ECF No. 5), "Plaintiff may file an Amended Complaint within 30 days of the date of this Order." (ECF No. 6 at 1.) In the accompanying Opinion, the Court noted that a copy of the Court's IFP Order had been sent to Middlesex County Adult Correctional Center in New Brunswick, New Jersey, and was returned as undeliverable. (ECF No. 5 at 1 n.1 (citing ECF Nos. 3-4).) Because the cover letter to the Complaint listed another address, in Piscataway, New Jersey, to be used if he was released from jail (ECF No. 1-1), the Court directed the Clerk of the Court to send copies of the May 24, 2016 Order and Opinion to that address. (ECF No. 5 at 1 n.1; ECF No. 6 at 6.)

On June 3, 2016, the mailing of the May 24, 2016 Order and Opinion was returned as undeliverable. (ECF No. 7.) The Clerk of the Court resent the documents to the Piscataway address via the United States Postal Service. (*Id.*) On June 21, 2016, the second mailing was also returned with the following notation: "This person does not live at this address[.] No known forwarding [address]." (ECF No. 8.)

From 2016 until 2024, no further action was taken on this case. In 2024, Plaintiff filed his Motion. (ECF No. 9.) His Motion was dated April 16, 2024, and he indicated that he currently is incarcerated at the Mercer County Correctional Facility. (*Id.*). In his supporting brief ("Brief") (ECF No. 9-4), Plaintiff asks the Court to reopen the case. (*Id.* at 1.)

On April 26, 2024, this case was reassigned to the undersigned ("April 26, 2024 Text Order"). (ECF No. 10.) The April 26, 2024 Text Order was mailed to the Middlesex County Adult Correctional Center, and it was returned as undeliverable on May 14, 2024. (ECF No. 11.) The docket sheet shows that the order was resent to the Mercer County Correctional Center. (Docket at 2.) On May 20, 2024, Plaintiff filed a notice of change of address, indicating that he is currently incarcerated at the Mercer County Correctional Center. (ECF No 12.)

2

## II. DISCUSSION

Plaintiff does not cite a specific rule or authority in support of his Motion. In his Brief, he acknowledges that he could be "held negligent in my duty to maintain contact with [the Court] in regards to the herein named case," but he asserts that "environmental and financial factor[s] play a substantial part" in this negligence. (ECF No. 9-4 at 2.) Plaintiff states that he found the May 24, 2016 Opinion in a Lexis Nexis search. (*Id.*) He purportedly provided the Court with the Piscataway address because he hoped that his mother, who resided at that address, would forward the Court's correspondence to him. (*Id.*) But, according to him, a final restraining order had been in place between Plaintiff and his mother since 2012, and he has never received any Piscataway correspondence. (*Id.* at 1-2.) He further indicates that, since he was released by the Middlesex County Department of Corrections and the domestic violence charge against him was dropped, the county department of corrections did not forward any of his correspondence, thereby depriving him of his equal protection and due process rights. (*Id.* at 2.) Additionally, Plaintiff claims that defendants have "sought out plaintiff, through actions amounting to threats on his life, his well being and the . . . harassment Plaintiff had to endure on a consistent basis," illegally seized Plaintiff and his property, and caused him to lose track of the civil suit against Defendants due to "their daily illegal activities." (*Id.* at 2-3.) The City of New Brunswick and its police is purportedly "no stranger" to illegal conduct, and Plaintiff provides as an example the alleged illegal conduct of a police lieutenant. (*Id.* at 3.) He intends to file a malicious prosecution claim given the termination of the domestic violence charges. (*Id.* at 3-4.)

According to his attached certification ("Certification"), Plaintiff is incarcerated and "allowed only what my surrounding circumstances allow me to do." (ECF No. 9-2 ¶ 1.) He asserts

3

that Defendants' actions under color of law are meant to be alarming, harassing, and malicious, and his incarceration has caused irreparable harms. (*Id.* ¶¶ 3-4.)

The Court, mindful of its obligation to liberally construe the pleadings of pro se litigants, will construe Plaintiff's Motion as a motion to reopen the case under Federal Rule of Civil Procedure 60. *See Duran v. Cohen*, Civ. No. 07-3589, 2016 WL 4155009, at *2 (D.N.J. Aug. 3, 2016) (citation omitted) (considering a pro se plaintiff's request to reopen a case under Rule 60(b)).

Rule 60 governs motions for relief from a final judgment, order, or proceeding. Under Rule 60(b), a party may seek relief from a final judgment and request that a case be reopened "under a limited set of circumstances." *Edwards v. New Jersey*, Civ. No. 22-2396, 2023 WL 3932848, at *2 (D.N.J. Jun. 9, 2023) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)). These circumstances include:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"A motion under Rule 60(b) must be made within a reasonable time," and when the motion is based on Rule 60(b)(1), (2), and (3), "no more than a year after the entry of the judgment or order or the date of the proceeding." Rule 60(c)(1). Courts will only grant relief under Rule

60(b)(6) "in cases evidencing extraordinary circumstances." *Edwards*, 2023 WL 3932848, at *2 (quoting *Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975)). And although pro se plaintiffs are held to less stringent standards than individuals represented by counsel, a pro se plaintiff is "still required to adhere to the rules of civil procedure." *Id.* (quoting *Roy v. U.S. Gov't at White House*, No. 15-3538, 2017 WL 480411, at *2 (E.D. Pa. Feb. 6, 2017)).

Here, nothing in Plaintiff's Motion indicates that any of the circumstances in Rule 60(b)1) through (6) apply. Plaintiff repeats the same allegations that the Court previously found to be insufficient in its May 24, 2016 Order and Opinion. Specifically, he alleges that Officer Way and Officer Uzunis, along with other New Brunswick police officers, illegally seized and searched Plaintiff and his property without cause or justification in violation of the Fourth Amendment. (ECF No. 9-4 at 3.) However, the Court dismissed his claims for false arrest and false imprisonment because he failed to provide any facts indicating that the Officer Defendants knew he could not have violated the TRO or that they had reason to doubt the complainant's reliability when they took her allegedly false statement and arrested Plaintiff. (ECF No. 5 at 10-11 (citing *Cooper v. City of Phila.*, 636 F. App'x 588, 589 (3d Cir. 2016)).) The Court likewise dismissed his selective enforcement claim on the grounds that he did not allege facts showing that he was treated differently than other similarly situated individuals (i.e., non-West Indian or non-minority individuals) who were not arrested for violating TROs. (*Id.* at 11-12.)

In his Motion, Plaintiff has not presented factual allegations remedying these deficiencies. *See, e.g.*, *Edwards*, 2023 WL 3932848, at *2 (denying Rule 60(b) motion because the plaintiff merely realleged the same facts found to be insufficient). On the contrary, he makes conclusory and vague assertions that Defendants have continued to threaten his life and harass him on a daily basis and refers to unrelated illegal conduct committed by another New Brunswick police officer,

who allegedly ran a prostitution ring, sold confiscated drugs, and was a "hitman for hire." (ECF No. 9-4 at 2-3.) He further indicates his intention to raise a malicious prosecution claim because the domestic violence charges were dropped; however, to state a claim for malicious prosecution, a plaintiff must also establish that the defendants initiated a criminal proceeding against him without probable cause. *See, e.g., Blocker v. ACPD*, No. 24-5498, 2024 WL 4212074, at *2 (D.N.J. Sept. 16, 2024).

Even if Plaintiff were to assert a sufficient basis under Rule 60(b) to reopen this matter, Plaintiff's Motion is untimely. Under the May 24, 2016 Order, he had until June 23, 2016 to file an Amended Complaint. He did not do so. Instead, the case remained closed and inactive until 2024, approximately *eight years* after the deadline. Therefore, even under the most generous application of the time limits, Plaintiff's motion is untimely under any subsection of Rule 60(b).[1] *See* Rule 60(c) (requiring motions under subsections (1), (2), and (3) to be filed within one year); *Moolenaar v. Gov't of V.I.*, 822 F.3d 1342, 1348 (3d Cir. 1987) (finding that a motion under subsection (6) brought 'almost two years' after judgment was untimely); *Duran*, 2016 WL 41550009, at *3 (finding that to the extent that the plaintiff moved to reopen under subsections (4) or (6), a motion filed over two years and seven months after dismissal was untimely).

Plaintiff has presented no justification for his lack of diligence. Local Civil Rule 10.1(a) states that "[c]ounsel and/or unrepresented parties must advise the Court of any change in their address within seven days of being apprised of such change by filing a notice of said change with the Clerk" and that "[f]ailure to file a notice of address change may result in the imposition of

---

[1] Likewise, Plaintiff's Motion is untimely under Federal Rule of Civil Procedure 59(e) (stating that motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment) and Local Civil Rule 7.1(i) (stating that, unless otherwise provided by statute or rule, a motion for reconsideration shall be served and filed within 14 days after entry of the order or judgment).

6

sanctions by the Court." For several years, Plaintiff made no effort to provide the Court with a valid address. He admits that he could have been "negligent in my duty to maintain contact" with the Court. (ECF No. 9-4 at 2). To the extent that Plaintiff had anticipated that his mother, who had a TRO against him, would forward to Plaintiff any correspondence mailed to the Piscataway address, there is no indication that he checked to see if she did. He does not state when he conducted the Lexis Nexis search, which allegedly resulted in him finding out about the May 24, 2016 Opinion. There is also no support for his apparent assertion that the Middlesex County Adult Correctional Center had a constitutional obligation to forward any correspondence to him following his release from custody. Plaintiff's bald and vague assertions that the Officer Defendants were threatening him and that the alleged misconduct caused him to lose track of his case are similarly insufficient to establish that his motion was filed "within a reasonable time" under Rule 60(c)(1). In fact, despite the alleged misconduct, he was still able to file his Complaint, conduct Lexis Nexis research, file this Motion, and submit an updated address.

### III. **CONCLUSION**

For the foregoing reasons, Petitioner's Motion is denied. An appropriate Order will follow.

DATED: September 30, 2024

GEORGETTE CASTNER
United States District Judge